■ In the Matter of JUDY GREEN, Individually and as Parent of Her Minor Children, SANDRA GREEN, and Others, Petitioner, v RITA OTTERBEIN, as Commissioner of the Wayne County Department of Social Services, et al., Respondents. — Determination unanimously modified and, as modified, confirmed, without costs, in accordance with the following memorandum: In this CPLR article 78 proceeding, transferred to this court, petitioner seeks review of a determination of respondent State Commissioner of Social Services made after a statutory fair hearing, which affirmed a determination of the local agency refusing to pay 1977-1978 school taxes and discontinuing certain shelter allowances. Since January, 1978 petitioner has been the grantee of Aid to Families with Dependent Children (AFDC) on behalf of her five children, occupying a house owned by her in Williamson, New York. Prior to that time and for various periods since 1975, petitioner's husband De Wayne Green had been a recipient of AFDC on behalf of himself and the children. While a recipient, Green's public assistance grant generally included a shelter allowance in accordance with 18 NYCRR 352.3 or 352.4 in an appropriate sum for Wayne County. Except for January, 1975, neither petitioner nor her husband and children resided in the client-owned property prior to March, 1976. In March, 1976 De Wayne Green and three children moved into the house owned by petitioner and the public assistance grant continued to include the flat rate shelter allowance. In July, 1976 petitioner moved into the house with the remaining children and the public assistance case was closed. At various times during the remainder of 1976 the Green family received public assistance but no shelter allowance was included in the grant. In December, 1976, after a fair hearing granted to De Wayne Green on the question of a shelter allowance, it was determined that the family was entitled to such allowance and the agency paid a single allocation prorated amount of the 1976-1977 school tax bill in the sum of $71.85 directly to Mr. Green who did not pay the money to the school tax collector. In 1977, during the months when the family received public assistance, the monthly grant included a shelter allowance prorated, concededly, to pay the 1977-1978 school taxes and the 1978 county and town taxes. The grant did not include funds to cover the 1977 county and town taxes and the agency did not pay that bill. In August, 1977, realizing that back taxes in a substantial amount had accumulated on her property, petitioner obtained a loan in the amount of $1,422.50 from the Bishop Sheen Housing Foundation, for which she gave a mortgage on her home. The proceeds of this loan were

used to pay back taxes for the year 1976 (including relevied 1975-1976 school taxes) and taxes for the year 1977 (including relevied 1976-1977 school taxes). The 1977-1978 school taxes were not paid, not having been billed at the time the loan was obtained. Petitioner's obligation to the Bishop Sheen Housing Foundation on the mortgage was $23.71 per month. In January, 1978 De Wayne Green was permanently out of the household and, for the first time, petitioner became the grantee of public assistance on behalf of her five children. All were occupying client-owned property. At this time the agency budgeted a shelter allowance of $23.71 per month in petitioner's AFDC grant which sum was specifically earmarked to cover the monthly payments required on the Bishop Sheen Housing Foundation mortgage. Petitioner requested the agency to pay the then outstanding real property taxes on her home which consisted of the 1977-1978 school tax bill and the 1978 county and town tax. The agency refused to pay the 1977-1978 school tax, claiming that such payment would constitute a duplication of assistance because funds for that tax had been included, on a prorated basis, in the grant to De Wayne Green for the year 1977 and he had failed to properly apply the money for its intended purpose. The agency was willing, and in fact tendered, the money for the 1978 county and town taxes to the appropriate tax collector who refused to accept it because of the unpaid 1977-1978 school taxes. In this respect it should be noted that the agency did pay the 1978-1979 school taxes and the 1979 county and town taxes. Throughout 1978, and up to May, 1979, petitioner's AFDC grant contained the shelter allowance of $23.71 per month, budgeted to pay the Bishop Sheen Housing Foundation mortgage. In May, 1979, the agency determined that petitioner's grant be reduced by deleting therefrom the monthly mortgage payment. The sole reason given in the notice of intent to reduce was that such payment constituted a duplication of assistance previously given, that is that the agency had provided money for or paid the taxes on petitioner's property during the years for which petitioner obtained the loan to pay back taxes. The agency's refusal to pay the 1977-1978 school tax and deletion of $23.71 per month from the grant on the ground of duplicate assistance was upheld after a fair hearing and confirmed in a decision after fair hearing by the State Commissioner of Social Services. While a local social service agency may provide duplicate grants of assistance, they are not required to do so. State reimbursement to the local agency is not available when duplicate grants are made (Social Services Law, §131, subd 11; 18 NYCRR 352.2 [c]). Here, the record is clear that the agency provided a shelter allowance to De Wayne Green during 1977 which specifically was in a prorated amount sufficient to pay the 1977-1978 school tax bill. The fact that Green was not the owner of the property is of no moment. He was the head of the household and the recipient of the AFDC grant. In addition, petitioner, while not on the grant, resided in the home and was aware that funds for taxes had been provided. Green's failure to apply the funds to the school tax bill is simply a case of misbudgeting and does not cast upon the agency a requirement to provide duplicate payment of a grant. Inappropriate conduct of a parent to the detriment of needy children *(Matter of Gunn v Blum,* 48 NY2d 58) is not an issue since there has been no showing that the agency seeks to discontinue a shelter allowance with possible harmful effect on needy children. Indeed, the agency's action in attempting to pay the 1978 county and town tax and paying the 1978-1979 school tax and the 1979 county and town tax belies the concern over the agency's intent. That portion of the decision after fair hearing which upheld the agency's refusal to pay the 1977-1978 school tax should be confirmed. The agency and the State Commissioner erred in their determination that payment of a shelter allowance of $23.71 per month to cover the Bishop Sheen Housing Foundation mortgage constituted a duplicated allowance. The

local agency has the discretion, after a consideration of all relevant factors, to conserve a client's home for the purpose of sheltering (18 NYCRR 352.27 [b]). Once this determination is made the agency is required to provide funds to pay carrying charges and amortization of any mortgages on the property so long as the sum provided for these purposes does not exceed the appropriate maximum rent schedule for the recipient (18 NYCRR 352.4 [b], [c]). By paying the taxes on petitioner's property for the years 1978 and 1979, it is quite apparent that the Wayne County Department of Social Services has made a decision to conserve the client-owned property (the department holds a second mortgage on the house). However, with the exception of a payment of $71.85 to De Wayne Green in 1976, after a fair hearing, to cover a portion of the 1976-1977 school tax, there is nothing in the record to indicate that the agency ever made any allocation for the taxes in question for the years 1975, 1976 and 1977, which petitioner paid with the proceeds of the loan from the Bishop Sheen Housing Foundation. Of course, the agency cannot be held responsible for De Wayne Green's failure to properly apply the money he received specifically to pay the 1976-1977 school tax bill. The agency's budget worksheets show that when the shelter allowance was allocated for taxes the prorated monthly amount was so specifically indicated. These worksheets do not contain any payment for taxes for the years 1976 and 1977 except the 1977-1978 school tax, which latter tax is not an issue in the mortgage payments. Thus, the decision after fair hearing is confirmed insofar as it determined that payment of the 1977-1978 school tax by the agency would be duplicate payment. The determination that payment of the monthly mortgage obligation of $23.71 would be a duplicate allowance is reversed and the agency shall provide petitioner a shelter allowance in that amount for each month since January, 1978 in which no such allowance was made but in which she was the recipient of AFDC for one or more of her children residing in her home, except for $71.85 which the agency paid for 1976-1977 school tax, and also for such current and future months in which she is the recipient, but such allowance need not exceed the amount allowed in the schedule set by 18 NYCRR 352.4 (b). (Art 78 proceeding transferred by order of Wayne Supreme Court, Reed, J.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Moule, JJ.